UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MERCEDEZ BROWN,

            Plaintiff,

v.

BRIAN UHL, LIEUTENANT AMERSON and OFFICER HENNESSY,

            Defendants.

Case No. 22-CV-131-JPS

**ORDER**

      Now before the Court is Plaintiff's request to add "now retired Chief of Police Andrew Smith" of Green Bay as a defendant in her complaint. ECF No. 7. Plaintiff made this request in a letter where she consented to service of her complaint on the above-named Defendants by the U.S. Marshals Service. *Id.* Because Plaintiff has neither complied with the applicable rules for amending her complaint nor at any time alleged sufficient facts for the Court to conclude that the defendant she wishes to add has committed any conduct that violates her rights under federal law, the Court will deny the request. Further, the Court will order Plaintiff's complaint as screened to be served on the Defendants currently named in the action.

      On February 1, 2022, Plaintiff, proceeding *pro se*, filed a lengthy complaint that included extensive biographical detail and catalogued many of her past upsetting interactions with public agencies. ECF No. 1. Two weeks later, she filed a letter with the Court, asserting that "Cheif [sic] Andrew Smith" is part of a cartel in Green Bay that has made threats against Plaintiff's life, and citing as proof of Smith's cartel involvement his retirement after Plaintiff reported to Appleton police that she suspected Smith was selling drugs. ECF No. 5 at 1.

On May 27, 2022, the Court issued a screening order that (1) allowed Plaintiff to proceed with a Fourth Amendment claim of unlawful search and seizure and added Brian Uhl, Chief of the Public Safety Department of the Village of Ashwaubenon, as a defendant for the purpose of helping identify the police officers involved in the arrests at issue; (2) allowed Plaintiff to proceed with a Fourth Amendment claim of excessive force on arrest against Defendants Amerson and Hennessy; and (3) dismissed her negligence claims and dismissed from the case the entities that Plaintiff named as responsible for them. ECF No. 6. In this order, the Court noted that "Plaintiff's complaint seems to allude to a conspiracy between the police office, the public defender's office, the state courts, and possibly a cartel." *Id.* at 8. Although the Court did not directly address the merits of this particular claim of police involvement in cartel activity, it did not allow Plaintiff to proceed on this claim or give Plaintiff leave to amend her complaint to expand on the claim. *Id.* at 8–11.

The Court will construe Plaintiff's letter requesting to add Chief Smith as a defendant as an attempt to amend her complaint as a matter of course. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Federal Rules of Civil Procedure and the local rules governing the amendment of pleadings require a litigant who seeks to amend a pleading as a matter of course to "reproduce the entire pleading as amended." Civil L.R. 15(a). Complaints may not be amended in a piecemeal fashion; the proposed amended complaint must be complete and set forth all claims against all defendants in one document. *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (noting that piecemeal amendments make it difficult "for the defendant to file a responsive pleading and…for the trial court to conduct orderly litigation").

At this time, the Court is compelled to deny Plaintiff's request to amend her complaint and add Chief Smith as a defendant in this case, for two reasons. First, Plaintiff has not fully complied with Local Civil Rule 15(a), which requires her to submit a proposed amended complaint in full (which she has not done).

Second, and moreover, Plaintiff's request must be denied because her prior allegations against Chief Smith simply do not state a cognizable claim. Despite the lengthiness of her previous filings, Plaintiff's original complaint and subsequent letter do not provide a sufficient factual or legal hook on which her allegations against Chief Smith can hang. In other words, she has not stated how or why Chief Smith's supposed involvement in the cartel violates *her* rights under federal law in a manner that this Court can redress. If she had made a cognizable claim that Chief Smith violated her rights under federal law, the Court would have said as much in its screening order and would have allowed her to proceed on that claim. The Court did not do so then, and will not do so now. While allegations of a high-ranking police official's involvement in organized crime are certainly concerning—and while the Court is conscious that Plaintiff may be reluctant to trust such authorities—federal, state, and local law enforcement authorities are much better positioned than the Court to investigate generalized grievances about criminal activity by police. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111–12 ("[R]ecognition of the need for a proper balance between state and federal authority counsels restraint in the issuance of [relief] against state officers engaged in the administration of the states' criminal laws in the absence of irreparable injury which is both great and immediate."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)

(injury alleged must be concrete and particularized to the plaintiff and fairly attributable to the defendant).

Accordingly,

**IT IS ORDERED** that Plaintiff's request to add defendant Chief Andrew Smith, ECF No. 7, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, ECF No. 1, and the screening order, ECF No. 6, upon Defendant Brian Uhl, Chief of Public Safety Department of the Village of Ashwaubenon, and Defendants Lieutenant Amerson and Officer Hennessy of either the Ashwaubenon Public Safety Department or the Brown County Sherriff's Office, pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee; and

**IT IS FURTHER ORDERED** that Defendants Lieutenant Amerson and Officer Hennessy shall file a responsive pleading to the complaint.

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge